NIMA FARBOODY (CA BAR NO. 262371)
20255 Corisco St.
Chatsworth, CA 91311
Tel: 818-886-3200
Fax: 818-886-3257
Email: nfarboody@mazalent.com

Attorney for MAZAL GROUP, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MAZAL GROUP, LLC, a California limited liability company

Plaintiff,

vs.

EMMANUEL FROST, an individual; and DOES 1 to 10,

Defendants.

Case No.:  2:18-cv-02311

**COMPLAINT FOR:**
**1)  BREACH OF CONTRACT**
**2)  BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

## INTRODUCTION

1.  This is an action by MAZAL GROUP, LLC, a California limited liability company ("Plaintiff" or "MAZAL"), to recover damages due to the breach of contract by EMMANUEL FROST ("Defendant"), an individual, and DOES 1-10 whose names have not yet been determined.

## JURISDICITON

2.  This Court has original jurisdiction over MAZAL's claims due to the matter arising in diversity jurisdiction pursuant to 28 U.S.C §1332 in a claim between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00). This Court has supplemental jurisdiction over MAZAL's state law claims under 28 U.S.C. §1367. Furthermore, the state law claims contained herein are instituted to the provisions of 28 U.S.C §1332

in that such claims constitute a civil action between citizens of different states in which the matter in controversy exceeds Seventy-Five Thousand US Dollars ($75,000.00).

3. This Court has personal jurisdiction over Defendant pursuant to California Long Arm Statute, Cal. Code Civ. Proc §410.10, because, on information and belief, Defendant regularly conduct business in, and carry minimum contacts with, the State of California.

4. Venue is proper in this District pursuant to 28 U.S.C. §1392(b) because a substantial part of the evens or omissions giving rise to Plaintiff's claims occurred in this District.

5. Furthermore, Defendant signed agreement (Exhibit A) with Plaintiff agrees to jurisdiction and venue to this Court.

### PARTIES TO THE ACTION

6. Plaintiff, MAZAL GROUP LLC, is, and at all times material hereto was, a California Limited Liability Company whose principal place of business is in Chatsworth, California.

7. Defendant, EMANUEL FROST, is and at all times material hereto was, a natural person residing in East Amherst, New York.

8. Plaintiff, MAZAL is ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff, will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitious named defendants is responsible in some manner for the occurrence herein alleged, and that the Plaintiff's damages as herein alleged were proximately caused by their conduct.

### GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

9. Plaintiff, MAZAL is a company engaged in the manufacture and distribution of beauty products. MAZAL engages clients with license agreements to license the right to sell and use trademarks and other intellectual property.

10. On or about January 17, 2017 and January 10, 2017 MAZAL and Defendant entered into a agreements for the licensing and right to sell certain brand products (See Exhibit A) to which

MAZAL had exclusive rights to license ("BRANDS").

11. That among the provisions the agreement in Exhibit A (henceforth the "AGREEMENTS") were Section 1.03 of the AGREEMENTS (and each agreement, as they are substantially identical) that outlined the proper channels for the sale of the BRANDS products as follows:

> "Authorized Sales Channels. Licensee shall only sell, offer for sale, or otherwise advertise MG Products at the MG Licensed Location(s). Sale, offers for sale, or advertisement of MG Products via other sales channels including, but not limited to online, wholesale or distribution channels, or transfer of bulk quantities of Products at reduced cost is strictly prohibited and considered a material breach of this Agreement. This Agreement is only for retail sales direct to end-use consumers at the Licensed Location(s). **Licensee is not authorized to sell, list, advertise or otherwise market MG Products online, either directly or indirectly."** *(emphasis added)*

12. Pursuant to the AGREEMENT, Defendant agreed to sell such products strictly according to the above provisions and, as such, made it a material element of the AGREEMENTS the breach of which shall result in a total breach of the AGREEMENTS (*See* Section 8 of the AGREEMENTS).

13. On or about March 31, 2017, MAZAL employees, on information and belief, discovered Defendant was engaged in the sale of BRANDS products online on Amazon.com under the name "Jem Classics." MAZAL employs certain identifying codes and serials that link products to their licensee, such an approach was engaged in the present matter against Defendant to identify that Defendant was the seller.

14. Over the course of several months, MAZAL employees would accuse Defendant FROST of selling under the name Jem Classics and each time, Defendant FROST would deny this but Jem Classics, would immediately, but temporarily, takedown their inventory of products.

15. The above conduct has lead MAZAL to conclude that Defendant FROST is engaged in the sale, directly or indirectly, of products under Section 1.03 in violation of the AGREEMENTS.

16. On information and belief, Plaintiff alleges Defendant violated the AGREEMENTS with the above actions and conduct.

17. Plaintiff reached out to Defendant numerous times in an attempt to correct Defendant's infringing conduct which damages Plaintiff and harms their relations with other vendors of BRANDS products, among others.

18. Defendant has refused to comply with Plaintiff's demands to adhere to the AGREEMENTS and thus Plaintiff seeks judgement against Defendant, each and every one, in this Court.

## FIRST CAUSE OF ACTION

BREACH OF CONTRACT

BY PLAINTIFF MAZAL AGAINST DEFENANT AND DOES 1-10

19. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

20. MAZAL alleges Defendant repeatedly violated Section 1.03 of the AGREEMENTS constituting a material breach pursuant to Section 8 of the AGREEMENTS.

21. The violation of Section 8.03 did harm to Plaintiff and their relations to other vendors and others by disrupting their legitimate pricing and distribution network, which complies with all relevant laws (see *Leegin Creative Leather Products, Inc. v. PSKS, Inc.*, 551 U.S. 877 (2007)), by undercutting licensees of MAZAL, invalidating others' exclusivity in those outlets, and disrupting MAZAL's distribution designs.

22. Pursuant to Section 8.03 of the AGREEMENT, Plaintiff is entitled to and claims liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00).

23. Plaintiff's remedies at law are not adequate to compensate for injuries inflicted by Defendant, and accordingly Plaintiff is entitled to temporary, preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

BY PLAINTIFF MAZAL AGAINST DEFENANT AND DOES 1-10

24. Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully set forth herein.

25. Plaintiff hereby alleges Defendant and Plaintiff entered into the AGREEMENTS.

26. Plaintiff did all or substantially all of the obligations required in the AGREEMENTS.

27. As part of the Defendant's obligations, Defendant was instructed to limit the sale of MG Products to such sales channels to end users, not sell online, and not advertise prices below Section 4 MAP Guidelines.

28. This benefits MAZAL because it allows MAZAL to give exclusivity in those markets to certain licensees and business partners, it allows for pricing that MAZAL can predict, and allows for stable and predictable distribution. This benefit is factored into all license agreements including the AGREEMENTS.

29. Defendant wrongfully, deceptively, intentionally, and in bad faith sold online, at prices that did harm to MAZAL'S pricing structure and disrupted MAZAL's distribution network.

30. As a result of Defendant's actions, Plaintiff has suffered compensatory and consequential damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgement against Defendant, and each of them, as follows:

1. For damages derived from the expected enjoyment which Plaintiff would have received if the AGREEMENT were fully performed by Defendant.

2. For liquidated damages in an amount no less than one hundred thousand US Dollars ($100,000.00) per Section 8, *et seq.* of the AGREEMENT.

3. For specific performance of post-termination provisions contained in the AGREEMENT.

4. For general and consequential damages to be established at trial.

5. For injunctive relief.

5. For costs of suit incurred herein pursuant to the Guaranty of Licensee's Agreement section of the AGREEMENT.

6. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.


Dated:   3/26/2018



By:

/s/Nima Farboody

_____

NIMA FARBOODY
Attorney for Plaintiff
MAZAL GROUP, LLC